## McCANN v. GERDING.

(City Court of New York, General Term.     May 26, 1899.)

MECHANIC'S LIEN—SERVICE OF PROCESS.

Code Civ. Proc. § 3399, provides for enforcement of mechanics' liens against the property and person liable for the debt by an action in a court having jurisdiction in an action of contract for the amount of money due. Section 3401 provides that provisions in actions for foreclosure shall apply to actions in a court of record to enforce mechanics' liens. Section 3170 provides that an order directing service of summons, either without the city of New York or by publication, may be granted by the court or a justice thereof. *Held* that, in an action to enforce a mechanic's lien brought in the city court, the summons and complaint may be served within the state, though at a point not within the city.

Appeal from special term, New York county.

Action by Edward McCann against Anna H. Gerding to foreclose a mechanic's lien. From an order denying a motion to set aside service of summons, defendant appeals. Affirmed.

The following is the opinion of the court below (O'DWYER, J.):

The summons and complaint were served within the state, but not within the city. Section 3399, Code Civ. Proc., provides: "A mechanic's lien on real property may be enforced against such property, and against a person liable for the debt upon which the lien is founded, by an action, by the lienor, his assignee or legal representative, in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of said debt." Section 3401 provides: "The provisions of this Code relating to actions for the foreclosure of a mortgage upon real property, and the sale, * * * apply to actions in a court of record to enforce mechanics' liens on real property, except as otherwise provided in this title." Section 3170: "An order, directing the service of a summons, either without the city of New York, or by publication, may be granted by the court, or by a justice thereof; but only in a case where a warrant of attachment has been issued, as prescribed in the last section, and personal service of the summons cannot be made, with due diligence, within that city." Thus it will be seen that, if the court cannot acquire jurisdiction by the service of a summons without the city, in an action to foreclose a mechanic's lien (this being an action in rem), there can be no meaning to section 3399 above cited, so far as this court is concerned, when a necessary defendant is not a resident of the city and cannot be served therein. County courts have limited jurisdiction as this court, although they have jurisdiction in certain actions in rem (section 340, Code Civ. Proc.), yet it has never been contended that in such an action a summons may not be served in any part of the state outside of the county in which the action was brought. By section 3404 of the Code, in an action to foreclose a mechanic's lien in a justice's or other court, not of record, the summons and complaint may be served anywhere in the state; yet it is contended here that in an action in this court, being a court of record, such service cannot be made.

The motion should be denied.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Milton C. Palmer (Benjamin Fagan, of counsel), for appellant.
Joseph Steinert, for respondent.

PER CURIAM. Order appealed from affirmed, with costs, upon opinion of special term justice.